3-24-0-5-0-5, Cecilia Urban, as Special Administrator of the Estate of Leonard Urban, deceased. Eppley versus Joseph L. Blewett, Appellant. All right, Mr. Blewett, if you're ready to proceed, you may go ahead. Thank you, Your Honor. May it please the court and counsel, my name is Joseph Blewett. I'm an attorney pro se in this case and I'm the Appellant. So this case involves a question of statutory interpretation. The creditor is of the opinion that Section 735 ILCS 5-12-808B allows them to continue to collect enforcement, collect a judgment, and enforce the judgment, even though the judgment has never been revived at all within its more than now 20-year lifespan. Counsel, when did it become dormant? On August 7, 2010. That was because of the passage of time? Correct. Well, that was because of Statute 1602A, which states that a judgment is not enforceable unless it's revived within seven years after it's rendered. So I'm not to use the just common sense definition that dormancy and revival would require something to happen other than the passage of time. Correct. I could be actively collecting a judgment and doing everything possible to try to collect a judgment, but it still just becomes dormant. Correct. Yeah, the law specifically says it must be, it may not be enforced unless it's revived. That's Section 735 ILCS. Isn't that presupposing that it becomes dormant? It's got to be revived. You don't have to revive something that's not dormant. Right. The way this statute is worded is that it does become dormant after the expiration of seven years and is not enforceable after that unless revived. So it's the passage of time that you would refer to before. I think you agreed with that, Mr. Blue. Yes, I agree with that, but more than just the passage of time, it's actually a statute that talks about that passage of time that imposes the requirement of having to do a revival. So it's not just the passage of time like a statute of limitations passing after a certain amount of time. You know, it's in the statute that imposes a requirement on the creditor to do something, which is to revive it. Sure. So if we take Apolli's stance on this case, they're of the opinion that since Section 808 says that a judgment may be enforced until it's paid in full, that unless one of three conditions is applicable, which is the termination of employment of the debtor or that the judgment has been vacated or modified, counsel is reading that statute in isolation. He wants to read that statute and say, well, it says what it says. It's enforceable until it's paid in full, regardless of how long that takes. And to read that statute that way is in violation of the rules of statutory construction, which we all must follow. When we're trying to interpret a statute, we have to look at the wording of the statute itself, plus its application or its connection to other provisions in the same statute and other statutes in the code that deal with that same subject matter. So one point I do want to make is that Section 808 that counsel is relying on is a section of the code that deals with the duty of the employer. It actually has, well, it's not a provision of the code that deals with enforcement like the other, like other provisions do, which would be Section 735 ILCS 212-108 and Section 2-1602, which is the revival statute and the statute of limitations, which is Section 13-218. So, but we can't just read Section 808-B in isolation. We have to look at other statutes. When we look at other statutes, we see that, when we look at Section 808 itself, Section 808 has other provisions within it that say there are reasons why an employer may discontinue withholding wages and paying them over to the creditor. Besides the three mentioned in 808-B, which is termination from employment or if the judgment is vacated or modified, Section 808-C says that the employer need not honor the wage deduction order if the employer is served with an order, a wage deduction order that has priority over the first order, and that would be orders involving child support or spousal support. Section 808-F says that if an employer terminates a wage deduction order without lawful, a lawful excuses, they mention a priority order like the child support or spousal support. They also mention if the employee is terminated, but they add another one where they say if the debtor files for bankruptcy, that's a lawful reason for the employer to stop withholding wages. So, so at that point, now we've got three reasons why an employer may stop withholding wages mentioned in 808-B. We have a fourth one that was added, or two more, spousal support and child support added in 808-C. We have another one, which is bankruptcies added in Section 808-F. And then in my brief, I refer to other provisions, not in 808, but in the same part. Section 803 says that an employer is not obligated to withhold wages when served with a wage deduction order if the employer is already honoring an existing wage deduction order that was served on the employer. So that's the provision that prohibits stacking. It prohibits or requires stacking, meaning that the employer has to put that second order on hold and only deduct wages based upon the first order that it was served, so that the time that the employer is served with an order has a priority to it. So that's a, that's a sixth reason now, six reasons that I've come up with as to why an employer actually must stop withholding wages, even though served with a wage deduction order. Another section in the code is Section 809, 12-809, which says that if the debtor has a judgment against the creditor, the employer is allowed to set off the amount of money being deducted and paid over to the creditor. So that's a reason why the employer doesn't need to comply with the wage deduction order that's within Part 8 of Chapter 12. Another section is Section 12-819, which the title of it says it's a limitation on Part 8 of this Article 12, and it says that the provisions of this Part 8 of Article 12 are not applicable to orders from certain courts, which it's mostly child support and spousal support court orders. And then the other two provisions that must be read, you know, for reasons of statutory interpretation and trying to determine what the intent of the legislature is, in comparison to Section 808B, is that Section 5-12-108 is the statute that says that a judgment cannot be enforced unless it is revived in accordance with Section 1602. So that's a specific provision that says a wage deduction order may not be enforced if the judgment becomes dormant. This judgment is dormant. It was never revived. So what about Paragraph C of 108? So I don't have that in front of me, but if I recall, that's... Could you remind me? Yes, if a judgment or consumer debt becomes dormant during the pendency and enforcement, and I'm skipping a few here under Paragraph 14 going on, the enforcement may continue to conclusion if the enforcement is done under court supervision and includes a wage deduction order or turnover order and is against an employer, garnishee, or other third-party respondent. Isn't that the case here? No, because... That's 808C? That is 108C, 12-108C, limitations of enforcement, the same statute you were just quoting. Okay. I don't know when that was. That sounds like that might have been... It was modified January 1st, 2020 is when it was... Okay. Okay. So then it's not applicable to this case. Unless it's retroactive. Correct. But I would argue that this judgment became dormant under the law that existed at the time until... Well, I'm just familiar with Section 1602H, which I think became effective in 2020, and I assume that was part and parcel with along with 1602H. 1602H is not retroactive. It's only prospective. So this statute that Justice Heddles just referenced came into effect after Gordon, and it's extremely specific. It presupposes a dormant judgment and says notwithstanding, if there's a wage claim ongoing under the supervision of the court, dormancy is irrelevant. It can continue indefinite. So the question is, does that apply? And it seems to us that it does, assuming that it's retroactive. And there's a whole analysis as it relates to retroactivity that, frankly, neither party has referenced this amendment to 108. Nobody has discussed whether or not the retroactivity rules would apply. And that's a procedural versus substantive analysis, obviously. So this seems to be a potentially dispositive amendment to 108 that neither side has, frankly, addressed in the briefs. And one of our questions was, was that intentional, or is this something you're both learning about right now? I am learning about it right now. It seems like I must have come across it in my reading, but there must have been some reason why I thought it wasn't applicable. And I can't, in my head, figure that out right now. I would suggest, should we just move on, Justice Brennan, and maybe address this particular statute with both parties after the fact?  Sure. So one of the things that I concluded in my research is that I cited all these cases that say the statute of limitations is 20 years. Now, there were 12 cases, I think, I cited in my brief over the years from 1945 up until the last one I cited, which I think might have been 2022. That say the statute of limitations is 20 years. And that's separate from being allowed to revive it in the 20th year. All these cases say that judgments expire at the end of the 20th year after the judgment is entered. And so on that point, it took me a little while to figure out why that actually is the case. I mean, all these cases say it, but I didn't see any court explaining how they concluded that, like, because that one court said that a judgment is enforceable up to 27 years after it's entered. And I was able to, the logic I put to it is that the revival statute says that you must revive it within seven years, and then within seven years after the first revival, and you can revive it any time within the 20, up to 20 years after it's entered. But if a person, in that seventh year, there's 365 days in a year. So if a creditor has a whole year to revive it, if they revive it on the first possible day, the exact seventh day after the seventh year after the judgment was rendered, and then they revive it again in the 14th year, that will, that takes you up until the next seven years ends on 20 years later. The last day of the second revival would be the 20th year after the judgment is entered. So that's where the 20 years comes in, that if you revive the judgment on the first available day of the seventh year and the first available day of the 14th year, that brings you to the 20th year. And then section 13-218 says you can't revive it after the 20th year, so that puts an end to the enforcement of the judgment at the end of the 20th year. Now, because there's 365 days in a year, and a creditor could wait until possibly the last day of the seventh year to revive it, and the last day of the 14th year to revive it, if that went for seven years and they can't revive it afterwards, because it would go beyond the 20th year, but that, that, the end of the, of that second revival would be actually the end of the 21st year. So under the best reading of that statute, you could not, a creditor could not enforce a judgment for more than 21 years. And so then we have to figure, well, why does the statute say that? On the one hand, a diligent creditor who revives it on the first available day, they can only collect for 20 years, but a non-diligent or a creditor who's purposely holding off and waits until the last day of the seventh year and the last day of the 14th year to revive, they seem to be able to collect for 21 years. And that would be a contradiction. That would seem like you're rewarding a creditor for delaying reviving the judgment by giving them an extra year of collecting if they wait until the last day of the seventh and 14th year. So I think when the, when all these cases going back to 1945 were analyzing what is the statute of limitations, and nothing does say, you know, that it is actually 20 years, you just have to figure out what it, what do they mean by the way this is worded? So you have, you have the two possibilities that the statute of limitations could be the end of the 20th year if they revive it on the first available date. It could be 21 years at the most if they revive it on the last day of the seventh and 14th year. So did the legislature intend to create two different statutes of limitations and actually reward a creditor for delaying reviving the judgment, giving them extra time to collect? Um, I think that's not what they meant. I think they, they probably intended that the statute of limitations is 20 years. So, you know, you don't gain an advantage as a creditor by holding off in the seventh year or the 14th year to re waiting a whole year to revive it. And the same thing is also true. We're going to give you, I'm going to ask my colleagues if they have any questions, and then we're going to hear from you again and rebuttal, uh, what your time is at the moment. Justice, uh, Adler, Justice Bertani. I have one. I mean, doesn't the revival statute that you were just referencing in your last argument say it can be in the seventh year or after that, or in any time within 20 years? Yes. And I haven't, you can revive, you can revive a judgment. If you skip the first seven years, you can still revive the judgment anywhere up to 20 years. Okay. Correct. Correct. Okay. And, and a creditor who wants to maximize the amount of money they can collect, if they, if they want it to go beyond the 20th year, what they'd have to do is something along the lines of reviving in the seventh year, uh, that would take them to year 14, but then not revive it in year 14. If they want to revive it in year 20. So they get that extra seven years. If the law permitted that, which I think it doesn't, then basically what's happening is they're not collecting because the, if they hadn't revived it after the 14th year, then the judgment is dormant and they're not collecting for those seven years up until the 20th year. So even if they revive it in the 20th year and they're given seven more years, the total amount of time that they would have collected would be years one through seven, seven through 14, and then 20 through 27, which is only 21 years. So under the best reading of that statute, that's the most accredited or could ever collect. And I think that's not what the legislature meant. I think they meant the most amount of time we're going to give them is 20 years. If they delay in reviving it, we're not going to give them a benefit of giving them more enforcement time. All right. Thank you. You will have an opportunity. I'm sorry, Justice Bertani, did you have another question? No. All right. You'll have an opportunity again in rebuttal, Mr. Blewett. Okay, thank you. At this time, we'll turn it over. I hope I'm saying your name right, sir. Is it Mr. Brueggemann? That's correct, your honor. All right, sir, please go ahead. Good afternoon, justices. May it please the court, Alan Brueggemann for Cecilia Urban. Now, Mr. Urban died and we substituted Cecilia as the person with the judgment. I guess I'd like to call attention, it sounded to me like Mr. Blewett admitted that there is no statute of limitation for collection of a judgment because he said the 20-year doesn't make a limit and you could certainly go into the 21st year. I would suggest that if a judgment in 1602 expressly says that it can be revived at any time within 20 years, so it could be revived on the last day of the 20th year and if revived, does it expire the very next day? I don't think so. I think a case that was cited in the Golden Case, there was an appellate court judge from the first district who discussed the collection of a judgment and his quote is, if handled correctly, a judgment like any ordinary house plant can last a long time up to 27 years after the date of the judgment was entered. So, at least in 2014 when the first district appellate court decided the Berman versus Snyder case that's cited in the Golden Case and it hasn't been overturned, maybe it's dicta, but it really is clear that the judgment might be able to be enforced for 27 years. There are quite a few treatises that I've looked at over the years in my practice of law and they talk about the time of collecting on judgments and a lot of them do refer to 20 years. Some of them refer to 27 years and clearly this appellate decision in the Berman versus Snyder talks about 27 years. Mr. Blewett admits that there's no time limit that is a actual statute limitation cited anywhere. I would go on to cite the language in 5-2-1602 revival of judgment which states as you already called attention to, if a judgment becomes dormant during the pendency of an enforcement proceeding against wages under part 14 of this article or under article 12, the enforcement may continue to conclusion without revival of the underlying judgment so long as the judgment is done under the court supervision and includes a wage deduction or a turnover order and is against an employer, it says others, but employer. Which statute are you in? You seem to be meandering between. 2-1602. What paragraph? Revival of judgment. I'm reading a section that you read earlier, Judge, and why would they say that? I was reading from 112-108. Counsel, just tell me what paragraph you're in. I think we can clear this up. Paragraph H on 2-1602. It expressly talks about wage garnishments under part 14 of article, of this article, and so we've got a specific statutory application to our situation where we're garnishing this debtor's employer and we're garnishing his wages and we have been since the judgment was entered, but it does say if a judgment becomes dormant during the an enforcement proceeding against wages, it's allowed to continue until it's approved. And I called your attention that 108 limitation on enforcement, paragraph C, uses similar language and it says if a judgment, and then it also refers to a consumer debt, but if a judgment becomes dormant during the pendency of an enforcement proceeding under part 14 of article 2, part 8, the enforcement may continue to conclusion if the enforcement is done under court supervision. There's no contention this wasn't done under court supervision and that was discussed with Judge, um, the judge that denied the motion to dismiss the wage deduction order. And then, you know, the third section, 512-808, duty of an employer, it uses slightly different language and doesn't, doesn't say may continue to conclusion, but it says it shall continue as subsequent earnings until the total amount due upon the judgment and cost is paid. And then it gives exclusions, but none of those exclusions apply. So I would say there are three sections of the statute dealing with collection of judgments that all say it can go until it's paid. You can, I guess, supersede one with the child support order. That doesn't end the deduction order for wages for a judgment, it just delays it while the child support is being paid and then it picks up again. And there's a specific statutory construction about that, of how they apply the money or how the employer pays out money on garnishments, whether it's competing garnishments. But my suggestion is there's three cases, three statutes that really say they continue until the judgment is paid or satisfied or done. I would like to refer to some cases, and I, and I, I kind of think that the case I mentioned that's cited in the golden cases, the Berman v. Snyder, that is dicta, but it's strong dicta and it's the same, a different district of the first district appellate court or a different part that decided that case in the golden case, but they didn't, they didn't make any connection of those cases, even though the golden case cites the Berman v. Snyder case. An interesting case that I think is applicable, although it talks about different things, is a case that was issued by this court just a month ago in, on April 1st. That's the case of Discover Bank v. White. It's a 2025 case. I, I, I believe the decision was issued by Judge, and it, and, and it was joined in by Judge Heddle and then Judge Anderson. I, I call your attention to a couple things in this case. This, this case originated in Cook County when Mr. Blewett filed a lawsuit on, and on behalf of his wife against the defendant Joseph Blewett for legal malpractice and got a judgment. That was appealed by Mr. Blewett to the first district court because there was a question of when the judgment was final, and the appellate court actually ruled on that because there was a non-protunct order, and they basically said the non-protunct couldn't be applied retroactively, there wasn't a basis for it, so they felt that the judgment was final when Mrs. Urban was awarded zero, so the judgment remained just a judgment for Mr. Urban. That, that judgment was then enrolled in the Will County court because Mr. Blewett lives in Will County and did back then, and then collection proceedings began with the wage deduction summons on the, on Mr. Blewett and his employer, and a deduction order which has been supervised by the court continuously since then was entered. Mr. Bruggeman, can I interrupt you for a second? Going back to Goldman and 1602H, Golden didn't seem to find 1602H in the language there persuasive as it relates to whether it impacted the relevance of the 20-year passage of time. Are there any cases that have criticized Goldman's analysis in that regard? Judge, I have not found a case that criticized Golden. I don't like the case myself, not because it's unfavorable to me, but because their logic is tortured. They take language that's expressed in a statute in three different sections of a statute, of the law, three sections of the law that say a wage deduction continues until it's paid in full. And by the way, if you look at the statutes that deal with multiple judgments against a debtor, the first one served gets paid until it's paid in full, and then the second one can go until it's paid in full. And it would seem silly and probably specious and violation of due process if you get a judgment against a creditor that has, or a debtor that has no other judgments you collected for 20 years or some designated time, maybe 27, or maybe until it's paid in full. But if you got a judgment against somebody that's already got a judgment against them, it's going to be a number of years till the first judgment's paid before you even start collecting yours, and then maybe it ends, you know, the next week. So that's a due process issue, but I don't think we raised it in the pleadings in this case, and I don't think it's something that you can use your own discretion with to address. Well, as it relates to 108C, one of the questions I would have is, that is an amendment to the statute that postdates Goldman. Sometimes, not always, the legislature does things on purpose in response to case law they don't like, and one wonders whether this isn't such a situation. But I digress. But to the extent that we might ask you to do supplemental briefing, perhaps the legislative history as it relates to 108C would be relevant in that regard. Please continue. Well, Judge, I'd be glad to do that. I did try to, I'm an old lawyer, so I use the word shepherdize. I tried to shepherdize the Golden case to see if anybody commented on it adversely, and there are some adverse comments, but there's nothing that seems to overturn it, and nobody has criticized the talking about the extension of a, or collection of a judgment as a statute of limitations. Clearly, the statute of limitations applied to the cause of action that Mr. Urban sued on and recovered a judgment for, and the collection process is not, in my opinion, not a statute of limitations. So, it's a statutory construction that doesn't make sense to say that that's a statute of limitations. It's a question of how long you continue it. And I also, I like your white decision because it really is the first case that talks about dormancy, although used in the statute in several places, it's not defined. There's a definition section in judgments and collections, and nowhere is dormancy defined. I think your white decision makes a good definition and a good distinction, and it's one that I support for sure. But the, you know, the three repeated, the law repeated in three different sections of the code regarding judgments is quite similar, if not, it's identical in two, and certainly so similar that it's, I'm not sure exactly why it's not identical, but perhaps because it was added to correct a deficiency, they wrote it this way to make it even more clear. So, I guess I'd be glad to try and supplement this brief and remark about the status of the Golden case, which is one I really don't like. And it seems to me that, you know, that the legislation that's been passed most recently that limits the time as to consumer debtors, so consumer transactions, you know, maybe a credit card or a merchant that sues a purchaser who doesn't pay and they collect. I think those limitations in those cases were one of the legislative intent. They wanted to shorten the time limit for consumers, but they didn't do anything to shorten the time limit on other judgment debtors, and I don't think that there should be an end to this garnishment as long as it's continuous and it doesn't fall into one of the categories. I don't know that it matters, but, you know, my client elected not to seek a collection of this judgment from Mr. Urban's residence. He owned it with his wife in joint tenancy, and after the judgment was entered against him, and at some point in time while litigation was even going on, he transferred that to a tenant by the entirety. Again, my client had already elected not to go after his property, and one of the reasons the revival of the judgment didn't seem to be important to us was my client thought the collection of the judgment from his wages was adequate, and by the way, she's spent probably as much as she's collected so far defending all these various appeals. There have been appeals in the First District, appeals here in the Third District. There was a federal lawsuit Mr. Blewett filed that was identical to cases he filed that were dismissed in state court, and the judge in that court dismissed his claim. So, I guess I'm arguing on behalf of my clients that I think they can collect this judgment until it's paid in full, and that includes cost because that's expressed, and it includes interest because that's included by statute as collectible under the judgment. Thank you, Mr. Bergerman. We appreciate your arguments. Before he starts... Oh, I apologize. Yes, sir. Before he starts, can I just walk out and get another pen? Mine's dried up. It'll just take 30 seconds. All right, Mr. Bergerman, thank you, and then when Justice Bertani returns, we'll turn it over to you, Judge. Judge, I don't know if I adequately cited that Discover Bank versus White case. Again, it was issued... I think we can find it. Yeah, we can find that one. I'm not sure Mr. Urban, I mean Mr. Blewett... We're confident in Mr. Blewett's abilities as well. Mr. Blewett, you may proceed. Thank you, Your Honor. Yeah, just one thing I want to mention is the farce that Mr. Bergerman just related to the court that they voluntarily gave up pursuing enforcement of the judgment by going after the house owned by myself and my wife. I've cited it in my brief. That issue was appealed to this court, and I won that appeal. He did not ever voluntarily give that up. I had to take it on. I won in court. We're not going to consider issues that are extraneous to what have here. All right. So you don't have to go. Thank you. All right. So I heard Mr. Bergerman read a portion of Section 108C, and the words that jumped out at me were that the wording is if a judgment becomes dormant during an enforcement proceeding, etc., etc., that exact language was in Section 1602H, and that was referred to by the Golden Court, and also I referred to it in my that that's what that judge in the specially concurring opinion relied on to say that it's not retroactive because it says if it becomes dormant. So from the time that the statute is passed, so if 108C was passed in 2020 and it says if a judgment becomes dormant, then that would mean only judgments that become dormant from the day that that was passed or became effective. It would have to have said in order for it to be retroactive, I believe the argument would be that it would have to have said if a judgment became or becomes dormant during a proceeding, etc., then it would be then it could be retroactive, and I think I'd be in trouble then. But I think why I didn't bother briefing that is because it has the same language. If Mr. Bergerman read it correctly, and that is what it says, that becomes dormant language means that it is not retroactive. So that's what I have to say about that. I never said that there is no statute of limitations. You know, obviously I'm saying that there is a statute of limitations for in Section 12-108 and 13-218. And yeah, I mean, I think that's basically my position, unless the Court has any questions. Questions from either Justice Hedl or Justice Boutin? No, sir. I don't have any further questions other than, you know, Justice, we talked a little bit about this beforehand, some supplemental briefing. So, with all due respect to the concurrence in Golden as it relates to that language in the I anticipate that we may enter an order shortly, like today or tomorrow, directing the parties to brief the 108C issue, both as it relates to its workability and its retroactivity. And you might expect that. Okay. We do, in the interim, appreciate the spirited debate. We will take the matter under advisement and, with that caveat, issue a decision in due course.